## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA RAIMONDI,**<br>    Plaintiff<br><br>    v.<br><br>**WYOMING COUNTY, THOMAS S. HENRY, JUDY KRAFT MEAD and RONALD P. WILLIAMS,**<br>    Defendants | No. 3:14cv1918<br><br>(Judge Munley) |

## **MEMORANDUM**

Plaintiff Debra Raimondi (hereinafter "Raimondi") asserts Defendants Wyoming County, Thomas S. Henry, Judy Kraft Mead and Ronald P. Williams's (collectively "defendants") decision to terminate her employment with Wyoming County violated her constitutional rights and rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601-2619, 2631-2654 and 5 U.S.C. § 6381-6387 (hereinafter "the FMLA").[1]  Before the court for disposition is defendants' motion to dismiss Raimondi's civil rights causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[2]  For the reasons that follow, the court will grant defendants' motion to dismiss.

---

[1] Defendants Thomas S. Henry, Judy Kraft Mead and Ronald P. Williams were Wyoming County Commissioners that allegedly made the decision to terminate Raimondi's employment. (Doc. 1, Compl. ¶¶ 6-8, 27-28, 39).

[2] Defendants do not seek to dismiss Raimondi's Family Medical Leave Act claim.

**Background**

The instant civil rights lawsuit arose from Raimondi's employment with defendants.  In 2006, defendants hired Raimondi to serve as Wyoming County's Assistant Director of Public Safety located at Wyoming County's 911 Center.  (Doc. 1, Compl. ¶ 9).  In 2007, defendants promoted Raimondi to the Director of Wyoming County's 911 Center.  (Id. ¶ 10).  Raimondi worked as the director until her termination on July 10, 2014.  (Id. ¶¶ 11, 39).

Two months before her termination, on May 1, 2014, Raimondi's elderly father broke his hip and underwent surgery.  (Id. ¶ 12).  Upon completion of his post-operation recovery, the hospital planned to discharge Raimondi's father to a nursing home to rehabilitate.  (Id.)  In late May 2014, Raimondi requested two weeks of FMLA leave to care for her father and mother who also resided in a nursing home.  (Id. ¶¶ 13-15).  Defendants approved Raimondi's FMLA leave request.  (Id. ¶ 16).

On June 2, 2014, Raimondi traveled to Indiana to care for her elderly parents.  (Id. ¶ 18).  On June 13, 2014, Raimondi requested, and defendants approved, a one-week extension of her FMLA leave.  (Id. ¶¶ 19-20).  A week later, on June 20, 2014, Raimondi again requested, and defendants approved, a second one-week extension of her FMLA leave.

(Id. ¶¶ 21-22).

On Monday, June 30, 2014, the first day after the expiration of Raimondi's FMLA leave, Raimondi, still in Indiana, left a voice mail message for Defendant Henry, stating her mother broke her wrist and requested Defendant Henry call her back. (Id. ¶¶ 15, 19-23). Defendant Henry did not return Raimondi's call. (Id. ¶ 24).

The following day, July 1, 2014, Raimondi called the Wyoming County Commissioner's office and asked to speak with Defendant Henry. (Id. ¶ 25). The receptionist put Raimondi's call through to Defendant Henry. (Id. ¶ 26). Defendant Henry answered the phone and notified Raimondi that he had Defendants Mead and Williams on speakerphone with him. (Id.) During the call, Defendant Williams, on behalf of all defendants, requested Raimondi's resignation. (Id. ¶ 27).

Raimondi returned to Pennsylvania on July 4, 2014, and planned on working the following day. (Id. ¶ 30). Defendant Henry, however, directed Raimondi not to work on July 5, 2014. (Id. ¶ 31). Instead, Defendant Henry advised Raimondi to meet with the defendants on Tuesday, July 8, 2014. (Id.)

On July 8, 2014, Raimondi met with the defendants. (Id. ¶ 32). Defendants requested Raimondi tender her resignation or they would

3

terminate Raimondi's employment.  (Id. ¶ 33).  Defendants claimed Raimondi failed to oversee the recent installation of a new computer aided dispatch system and noted that "the leadership wasn't there."  (Id. ¶¶ 34-35).  Raimondi further asserts defendants stated that she "should have made other arrangements" and asked whether Raimondi had other family members to care for her elderly parents.  (Id. ¶¶ 36-37).

Two days later, Raimondi advised defendants that she would not resign.  (Id. ¶ 38).  Accordingly, defendants terminated Raimondi's employment on July 10, 2014.

In response to her termination, Raimondi filed a four-count complaint.  Count One avers defendants interfered with her rights under the FMLA.  Count Two asserts a claim pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 1983 (hereinafter "section 1983"), contending defendants deprived Raimondi of her fundamental right to continued employment in contravention of the Fifth and Fourteenth Amendments.  Count Three states a claim under 42 U.S.C. § 1985(3) (hereinafter "section 1985"), asserting defendants conspired to interfere with Raimondi's civil rights.  Count Four avers a claim of neglect to prevent conspiracy in contravention of 42 U.S.C. § 1986 (hereinafter "section 1986").  Defendants filed a motion to dismiss Counts Two, Three and Four

on December 1, 2014.  The parties then briefed the issues bringing this matter to its present procedural posture.

**Jurisdiction**

The court has federal question jurisdiction over this FMLA and civil rights action brought under 42 U.S.C. § 1983.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. §§ 1343(a)(3), (4) (granting district courts jurisdiction over civil actions brought to redress deprivations of constitutional or statutory rights by way of damages or equitable relief).

**Legal Standard**

Defendants filed their motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise a

reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendants seek to dismiss Raimondi's sections 1983, 1985 and 1986 civil rights claims, asserting she has no fundamental right to continued employment. Raimondi argues she has a fundamental right to continued employment, and therefore, her civil rights claims are proper. The court will first determine whether Raimondi has a fundamental right to

continued employment in the context of her section 1983 claim.

## A.  Section 1983

Raimondi asserts her first civil right claim, Count Two, pursuant to section 1983.[3]  Section 1983 does not, by its own terms, create substantive rights.  Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law.  Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

42 U.S.C. § 1983.[4]  Thus, to establish a claim under section 1983, two

---

[3]  Count Two asserts a claim pursuant to section 1983 contending defendants deprived Raimondi of her fundamental right to continued employment in contravention of the Fifth and Fourteenth Amendments.

[4]  The court recognizes that some federal statutes themselves can give rise to a section 1983 action.  While the United States Supreme Court and Third Circuit Court of Appeals have yet to directly address whether an FMLA violation can give rise to a claim under section 1983, district courts within the Third Circuit hold that an FMLA violation does not give rise to a section 1983 action.  See Hayduk v. City of Johnstown, 580 F. Supp. 2d 429, 487 (W.D. Pa. 2008) (finding that the FMLA provides a comprehensive remedial measure which evinces Congress' intent to

7

criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law.  Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998).  Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law.  Id.  Here, the parties do not contest the defendants acted under state law.  Rather, the parties disagree regarding whether the defendants deprived Raimondi of her constitutional rights.

Raimondi alleges her termination violated the Fourteenth Amendment's Due Process Clause pertaining to her fundamental right to continued employment.  Defendants maintain that, as an at-will employee, Raimondi had no fundamental right to continued employment.   After careful consideration, the court agrees with the defendants.

The Fourteenth Amendment to the United States Constitution

---

foreclose the use of a section 1983 action to enforce a violation of the FMLA); Kilvitis v. Cnty. of Luzerne, 52 F. Supp. 2d 403, 405 (M.D. Pa. 1999) (agreeing with other courts that the comprehensive detailed enforcement provisions within the FMLA demonstrate Congress' intention that the specific remedies stated in the FMLA are the exclusive remedies available for a violation of the FMLA).

   The court, however, need not address this issue because Raimondi does not seek redress for the alleged violation of her FMLA rights through a section 1983 action.  (Doc. 12, Br. in Opp'n Mot. to Dismiss at 4).  Rather, she brings separate and distinct claims for violations of her rights under the FMLA–Count One–and violations of her constitutional rights–Counts Two, Three and Four.  (Id.)

provides that no state shall "deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. XIV.  The substantive due process clause is a "component of the [Fourteenth Amendment] that protects individual liberty against 'certain government actions regardless of the fairness of the procedures used to implement them.'"  Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)).  However, "[t]he history of substantive due process counsels caution and restraint[,]" and "[e]ach new claim to [substantive due process] protection must be considered against a background of Constitutional purposes, as they have been rationally perceived and historically developed."  Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring) (citations and internal quotations omitted).

To establish a substantive due process claim, "'a plaintiff must prove [1] the particular interest at issue is protected by the substantive due process clause and [2] the government's deprivation of that protected interest shocks the conscious.'"  Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 190 (3d Cir. 2009) (quoting Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)).  When the challenged state action is non-legislative, courts assessing whether the due process clause

9

protects a particular interest "look, as a threshold matter, to whether the property interest being deprived is 'fundamental' under the Constitution." Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d Cir. 2000). The Third Circuit Court of Appeals provides that "[f]undamental rights are rights that are 'deeply rooted in the Nation's history and traditions . . . [and] interests implicit in the concept of ordered liberty like personal choice in matters of marriage and family.'" Wrench Transp. Sys., Inc. v. Bradley, 340 F. App'x 812, 815 (3d Cir. 2009) (quoting Nicholas, 227 F.3d at 143).

    Raimondi claims that her position as the Public Safety Director and 911 Coordinator establishes that she had a fundamental right to continued employment. Specifically, Raimondi asserts that, as a public employee, she has a property interest in her continued employment. Raimondi also contends that whether she has a property interest in continued employment can only be answered after discovery. Raimondi cites no authority for these propositions and our research has uncovered none. Indeed, the Third Circuit Court of Appeals and Pennsylvania Supreme Court require the opposite conclusion.

    The Third Circuit Court of Appeals has stated that "[p]roperty interests are 'created and their dimensions defined by existing rules or understandings that stem from an independent source such as state

law–rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.'" Chambers, 587 F.3d at 194-95 (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 577 (1972)). To have a protected property interest in a benefit, "a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'" Id. (quoting Roth, 408 U.S. at 577).

The court looks to Pennsylvania law to determine whether Raimondi has a protected property interest in her employment with defendants. Hill v. Borough of Kutztown, 455 F.3d 225, 234-35 (3d Cir. 2006). Pennsylvania law has long adhered to the doctrine of "employment at-will." Weaver v. Harpster, 975 A.2d 555, 557 n.3 (Pa. 2009); Scott v. Phila. Parking Auth., 166 A.2d 278, 280-81 (Pa. 1961).  As a general rule, absent a contractual or statutory provision to the contrary, employees are at-will and may be terminated at any time, for any reason or for no reason. Stumpp v. Stroudsburg Mun. Auth., 658 A,2d 333, 334 (Pa. 1995).  "This general rule is not abrogated just because the employee is a governmental worker since one does not have a per se right in governmental employment." Pipkin v. Pa. State Police, 693 A.2d 190, 191 (Pa. 1997).

Moreover, once a court determines a public employee held her position at the will of the governmental entity, such a finding "necessarily establishes that [the employee] had no property interest' in the job sufficient to trigger due process concerns." Elmore, 399 F.3d at 282 (citing Bishop v. W.H. Wood, 426 U.S. 341, 346 n.8 (1976)).  In short, a public employee does not have "any property interest in her employment within the meaning of the Fourteenth Amendment because such an employee serves solely at the pleasure of her public employer, and can be dismissed at anytime for any reason or for no reason at all." Miller v. Clinton Cnty., 544 F.3d 542, 552 (3d Cir. 2008 ) (citation omitted).

Raimondi argues her complaint demonstrates that she has a property interest in her continued employment, and therefore, is not an at-will employee.  Specifically, Raimondi's complaint asserts that "[d]efendants' conduct . . . deprived [Raimondi] of her property interest (her employment) without due process of law." (Compl. ¶ 61).  This conclusory averment fails to establish Raimondi is anything other than an at-will employee for two reasons.

First, Raimondi's assertion is a legal conclusion not entitled to the assumption of truth.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (stating that a court examining a motion to dismiss should "begin by

identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth). Second, this allegation merely recites the elements of the cause of action she needs to prove. "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Aware of her complaint's shortcomings, Raimondi contends discovery may reveal provisions in her employment handbook establishing that she was not an at-will employee, but rather could be fired for "just cause." Stated differently, Raimondi asserts that the handbook may act to override Pennsylvania's default rule of at-will employment and provide her with a legitimate entitlement to continued employment sufficient to have created a property interest in her job.

The Third Circuit Court of Appeals, however, addressed this specific issue and held that "absent explicit enabling legislation from the Pennsylvania General Assembly, a township . . . cannot employ workers on anything but an at-will basis." Elmore, 399 F.3d at 283. Moreover, the Pennsylvania Supreme Court has determined that any implied contractual provision in the personnel manual that called for "due process" in

connection with the dismissal of any municipal employee does not create a property right under the Fourteenth Amendment.  See Short v. Borough of Lawrenceville, 696 A.2d 1158 (1997) (per curiam) (stating that "Commonwealth authorities and agencies do not have the power to enter into contracts of employment that contract away the right of summary dismissal," nor can a "handbook or personnel manual issued by a Commonwealth agency [be considered] a legislative action in itself and cannot be considered a contract guaranteeing a property right in employment unless the legislature has so provided.").

     Furthermore, the fundamental property interest Raimondi claims–the right to continued employment–is similar to the intangible employment rights courts have consistently declined to extend substantive due process protection over.  See, e.g., Elmore, 399 F.3d at 282 (stating that an at-will employee does not have a legitimate entitlement to continued employment because she serves at the pleasure of her employer); Nicholas, 227 F.3d at 142 (finding that public employment is not a fundamental right entitled to substantive due process protection).  Accordingly, Raimondi has failed to allege a constitutionally protected property interest in her right to continued  employment and the court will grant defendants' motion to

dismiss her section 1983 civil rights claim.[5]

**B. Section 1985**

Defendants also seek to dismiss Raimondi's section 1985 claim, alleging the defendants engaged in a conspiracy to deprive Raimondi of her civil rights.[6] The elements of such a cause of action are: "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)). Because section 1985(3) "was not intended to . . . be a 'general federal tort law' . . . a claimant must allege 'some racial, or perhaps otherwise classbased, invidiously discriminatory animus behind

---

[5] The court will deny this claim with prejudice as an amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

[6] Section 1985(3) makes it unlawful for two or more people "[to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

15

the conspirators' action' in order to state a claim." Id. at 135 (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)).

In the instant matter, Raimondi has not alleged any facts regarding defendants' motivations for their actions, or any facts leading to a reasonable inference that defendants were acting out of any class-based or discriminatory animus. In short, the complaint fails to allege discrimination against a "specific, identifiable class of persons."

Moreover, Raimondi's section 1985 claim fails because she cannot establish a conspiracy, a central element in a section 1985 claim. A governmental entity and its agents–such as Wyoming County and its individual officers here–cannot conspire because they are considered one and, therefore, the "two or more persons" requirement is not met. See, e.g., Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926 F.2d 505, 509-10 (6th Cir. 1991). Ergo, the court will dismiss Raimondi's section 1985 conspiracy claim.[7]

---

[7] The court will deny this claim with prejudice as an amendment would be futile. See Alston, 363 F.3d at 235 (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

16

**C. Section 1986**

Finally, defendants seek dismissal of Raimondi's section 1986 claim, which asserts defendants neglected to prevent a civil rights conspiracy.[8] A section 1986 violation is predicated on a preexisting violation of section 1985. Lande v. City of Bethlehem, 457 F. App'x 188, 193 (3d Cir. 2012) (citing Clark v. Clabaugh, 20 F.3d 1290, 1296 n.5 (3d Cir. 1994)). Because Raimondi has failed to demonstrate a section 1985 violation, her section 1986 claim is also without merit and will be dismissed.[9]

**Conclusion**

For the above-stated reasons, the court will grant defendants' motion to dismiss Raimondi's civil rights causes of action. Raimondi has no fundamental right to continued employment. As such, the sole remaining

---

[8] Section1986 provides that: "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case . . . ."

[9] The court will deny this claim with prejudice as an amendment would be futile. See Alston, 363 F.3d at 235 (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

claim in this action is Count One–interference with Raimondi's rights under the FMLA.[10]  An appropriate order follows.



Date:  04/15/2015                           s/ James M. Munley              
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**

---

[10]  Defendants also seek to strike Raimondi's claims for punitive damages asserted in the complaint's *ad damnum* clause.  Raimondi concedes punitive damages are not available under the FMLA. (Doc. 12, Pl. Br. in Opp'n at 9); see also Brown v. Nutrition Mgmt. Servs. Co., 370 F. App'x 267, 270 n.3 (3d Cir. 2010) (noting that the FMLA's statutory text, 29 U.S.C. § 2617(a), establishes punitive damages are not recoverable under the FMLA).  Thus, the court will strike Raimondi's request for punitive damages from the complaint's *ad damnum* clause.

18